IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**JESUS CIANEZ HERNANDEZ,**

Petitioner,

**v.**

**GREG LEWIS,**

Respondent.

Case No. 1:12-cv-01661 LJO MJS (HC)

**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**

**[Doc. 24]**

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Linnea M. Johnson. Respondent Greg Lewis, Warden of Pelican Bay State Prison, is represented in this action by David A. Eldridge, of the Office of the Attorney General for the State of California.

## I. BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, upon being convicted by a jury of first degree murder with special circumstances for use of a firearm during the commission of the crime and that the crime was committed for financial gain. (Memo. of P&A in Support of Petition ("P&A"), ECF No. 1-1 at 6.)

Petitioner was also convicted of conspiracy to commit murder for financial gain. (Id.) After his conviction on January 11, 1991, on March 21, 1991, Petitioner was sentenced to death with regard to the murder conviction and to life without the possibility of parole for the conspiracy conviction.

Petitioner appealed the judgment to the California Supreme Court. On June 2, 2003, the California Supreme Court reversed the death sentence and remanded the case to the Stanislaus County Superior Court. People v. Hernandez, 30 Cal.4th 835 (2003). In August 2006, upon remand, the Stanislaus County Superior Court imposed a sentence of life in prison without possibility of parole on the murder conviction, 25 years to life on the conspiracy conviction, three years on each of the firearm-use enhancements, and monetary fines. People v. Hernandez, 2007 Cal. App. Unpub. LEXIS 8324, 2, 2007 WL 2994646 (Cal. App. Oct. 16, 2007). On direct appeal, the California Court of Appeal, Fifth Appellate District modified the monetary fine amount but otherwise affirmed the judgment on October 16, 2007. Id.

While the automatic appeal was pending, Petitioner pursued collateral relief in the form of petitions for writ of habeas corpus in state court. On May 31, 2002 and July 15, 2003, Petitioner filed petitions for writ of habeas corpus in the California Supreme Court. On March 2, 2005, both petitions were denied. See Hernandez on H.C., 2005 Cal. LEXIS 2350 (Cal. Mar. 2, 2005); Hernandez on H.C., 2005 Cal. LEXIS 2351 (Cal. Mar. 2, 2005)

On March 7, 2006, Petitioner filed a second supplemental petition in the California Supreme Court. On May 9, 2007, the California Supreme Court issued an order to show cause returnable to the Stanislaus County Superior Court, why relief should not be granted. (See Pet., Ex. 278, ECF No. 1-12 at 8.) An evidentiary hearing was held on February 5, 2008, and on June 4, 2008, the Superior Court denied the writ. (Pet., Exs. R-S, ECF No. 1-3 at 89-195.)

On July 16, 2008, Petitioner filed a habeas petition in the Fifth District Court of Appeal. (Mot. To Dismiss, Ex. C, ECF No. 24.) The court denied the petition on April 8,

2010 and issued its remittitur on May 10, 2010. (Id.) On August 6, 2010, Petitioner filed petition in the California Supreme Court which was denied on October 12, 2011. (Mot. to Dismiss, Ex. D.)

On October 10, 2012, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. The Court appointed Petitioner counsel and ordered Respondent to file a response on November 13, 2012. (ECF Nos. 6-7.) On February 4, 2013, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss.) Petitioner filed an opposition to the motion on February 25, 2013, and Respondent filed a reply on February 28, 2013. The matter stands ready for adjudication.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss

is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on October 10, 2012, and is subject to the provisions of the AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth Appellate District. The court dismissed the petition on October 16, 2007. The Court of Appeal's decision became final the same day. See Cal. Rules of Court 8.264(b)(2)(B). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on November 26, 2007, upon expiration of the forty-day period within which to file and serve a petition for review with the California Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012); Cal. Rules of Court 8.387(b)(1); 8.500(e)(1). The AEDPA statute of limitations began to run the following day, on November 27, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from November 27, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until October 10, 2012, nearly four years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, the statute of limitations began to run on November 27, 2007, the date Petitioner's direct appeals were considered final. As Petitioner had a habeas petition currently pending at the Stanislaus County Superior Court, Respondent correctly concedes that the limitations period was immediately tolled. 28 U.S.C. § 2244(d)(2). Petitioner's Superior Court petition was denied on June 4, 2008. On July 16, 2008, Petitioner filed a petition with the Fifth District Court of Appeal. It was denied on April 8, 2010. Respondent does not challenge Petitioner's right to tolling during the pendency of the two petitions and during the six week interval between the filing of the petitions. However, Respondent asserts that the four month interval between the denial of the California Court of Appeal petition on April 8, 2010 and the filing of the California Supreme Court petition on August 6, 2010 was unreasonable and not entitled to tolling. Whether Petitioner is entitled to tolling during this period is the determinative factor with regard to the timeliness of the federal petition and is discussed at length below.

Respondent concedes that Petitioner is entitled to tolling during the pendency of the California Supreme Court petition. However, the limitations period continued to run during the period between the denial of the California Supreme Court petition on October 12, 2011 and the filing of the instant petition on October 10, 2012. As 364 days of the limitations period expired during this period of time, the instant petition is timely only if Petitioner is entitled to tolling during the interval between his California Court of Appeal

and California Supreme Court petitions.

**1. Interval Tolling In California**

California has an unusual system of habeas review in which each level of the court system has original jurisdiction, and each original habeas petition must be filed within a reasonable time. Maxwell v. Roe, 628 F.3d 486, 496 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 198 (2006)); In re Sanders, 21 Cal. 4th 697, 704 (Cal. 1999) ("A tension is thus created between society's desire for finality of its criminal judgments and its insistence the person being punished is actually guilty of the crimes of which he or she was convicted. One way we attempt to resolve this tension is to require collateral challenges be filed promptly, but to excuse delay on a showing of good cause."). Due to the difficulty of determining the meaning of a reasonable time, the United States Supreme Court suggested the Ninth Circuit Court of Appeals request clarification from the California Supreme Court, which it did. The California Supreme Court declined to respond.[1] “Until the California Supreme Court indicates otherwise, we ‘operate[ ] on the assumption that California law . . . [does] not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard [does] not lead to filing delays substantially longer than those in States with determinate timeliness rules." Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (citing Chavis, 546 U.S. at 198). "The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application (i.e., a filing in a higher court) comes too late." Chavis at 193 (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)).

In Chavis, the Supreme Court described the approach to determining whether an interval between filings should be tolled:

[1] Chaffer v. Prosper, 592 F.3d 1046, 1048 n.1 (9th Cir. Cal. 2010) (“California has not provided any guidance as to what constitutes a timely non-capital habeas petition. See King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006). The Supreme Court has suggested that the Ninth Circuit "seek guidance on the matter by certifying a question to the California Supreme Court in an appropriate case." Evans, 546 U.S. at 199. The Ninth Circuit did so, Chaffer v. Prosper, 542 F.3d 662 (9th Cir. 2008), but the California Supreme Court denied certification, Chaffer v. Prosper, No. S166400, 2009 Cal. LEXIS 2693 (filed Mar. 11, 2009).).

> In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. That is to say, without using a merits determination as an "absolute bellwether" (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a "reasonable time." See supra, at 193, 163 L. Ed. 2d, at 691. This is what we believe we asked the Circuit to do in Saffold. This is what we believe it should have done.

Chavis, 546 U.S. at 198.

In Chavis, the Supreme Court found that petitioner's delay of over three years between filing petitions was unreasonable specifically in light of a six month period in which petitioner's failure to diligently file was unexplained and unjustified. Chavis at 201. "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id. (citing Saffold, 536 U.S. at 219). In light of this reasoning, several Ninth Circuit cases have held that unexplained delays of more than 60 days are unreasonable. See e.g., Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (unexplained eighty-two day delay unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (unexplained eighty- and ninety-one day filing delays unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (101 and 115 day delays unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (holding that an unexplained gap of 146 days was unreasonable).

It is clear that the Supreme Court and Ninth Circuit have held that unexplained delays of greater than thirty to sixty days are considered unreasonable and not subject to tolling. However, whether tolling applies to such delays when good cause is provided remains an open question.

In Carey v. Saffold, the Supreme Court discussed whether a 4 1/2 month delay in filing a habeas petition in the California courts was unreasonable. 536 U.S. 214, 226-227 (2002). Rather than find the 4 1/2 month delay unreasonable outright, the Supreme Court remanded the matter to the Ninth Circuit to determine if the delay was

unreasonable. See Chavis, 546 U.S. at 193 ("The filing was not *obviously* late, however, because the delay might have been due to excusable neglect...") (emphasis in original); see also Walker v. Martin, 131 S. Ct. 1120, 1125 (2011) (citing Saffold with approval in describing California's indeterminate filing deadlines). The Supreme Court instructed the Ninth Circuit to take into account factors including the fact that Petitioner was not notified of the Court of Appeal's decision for several months, and that he filed within days after receiving notification in determining the reasonableness of the delay. Saffold, 536 U.S. at 226-227. Upon remand the Ninth Circuit found that the petitioner was entitled to tolling for the 4 1/2 month delay. See Saffold v. Carey, 312 F.3d 1031, 1035-1036 (9th Cir. 2002).

In Maxell v. Roe, the Ninth Circuit had to determine whether an interval of over fourteen months between the denial of a petitioner's petition with the California Court of Appeal and the filing of a petition with the California Supreme Court was entitled to tolling. 628 F.3d at 496 (9th Cir. 2010). The Ninth Circuit first considered whether the California Supreme Court considered the petition timely. Id. at 497. ("Although this is not a dispositive statement of consideration on the merits, and consideration on the merits does not 'decide the question' of whether the petition was timely, it is a factor we consider.) (citing Carey, 536 U.S. at 226 (explaining that a court may consider whether the California Supreme Court considered a matter on the merits, but not take such consideration as 'an absolute bellwether' on the timeliness question)).

The Ninth Circuit next analyzed the justifications set forth by petitioner in determining whether the delay was reasonable:

> Second, [petitioner] has offered a compelling justification for his delay in filing his second state petition. Under California law, a petitioner must provide an explanation for any significant delay in applying for habeas relief. In re Clark, 855 P.2d at 738; see also Evans, 546 U.S. at 201 (holding that petitioner's "unexplained, hence unjustified, delay of at least six months" was not reasonable for purposes of California law); Chaffer, 592 F.3d at 1048 (denying a petition that included a 115-day gap between the filing of the first two habeas petitions and 101-day gap between the second and third habeas petitions in the California Supreme Court where the petitioner "offered no justification for the delays as required under California law").

   Here, [petitioner] had good reason for his delay in filing. This was an unusual case. The original charge was for ten counts of capital murder, and the case moved at an uncommonly slow pace due to its sheer magnitude. [Petitioner] was arrested on April 4, 1979, but his trial did not begin until four years later in January 1984. Maxwell's jury trial lasted nine months. Maxwell's direct appeal took another seven years. On direct appeal, the combined Reporter's and Clerk's Transcript, including arguments, filled nearly 20,000 pages. Following his direct appeal, Maxwell filed a habeas corpus petition in the superior court. That petition was accompanied by 179 exhibits comprising more than 1700 pages in eight volumes. That court issued an order to show cause, but denied the petition without holding an evidentiary hearing. Thereafter, [petitioner] filed a new habeas corpus petition in the California Supreme Court. It was not until twelve years after the jury returned its guilty verdict that the California Supreme Court on post-conviction review issued an order to show cause on the issue of whether jailhouse informant Sidney Storch gave false testimony. A year after that, the evidentiary hearing regarding Storch began. The evidentiary hearing spanned over two years and during that time numerous pleadings were filed, more than thirty witnesses testified, and over fifty exhibits were admitted. The record from the two-year hearing filled ten volumes and thousands of pages. In short, the evidentiary hearing in this case was astoundingly long, the record complex and voluminous, and [petitioner]'s claims were substantially affected by the Storch evidence that was discovered during the course of the hearing.

   Furthermore, as [petitioner]'s counsel explained to the district court, the California Supreme Court petition raised two claims directly related to the original claims concerning the use of jailhouse informants, and these claims required her to conduct significant legal research and to rewrite the petition to incorporate evidence that had come to light during the evidentiary hearing. In particular, because [petitioner] challenged the state court's factual finding and did so on the basis of evidence presented over a two-year span, defense counsel - who was representing [petitioner] pro bono at the time - had to review all the new evidence in order to make the case that the Superior Court had erred in rejecting [petitioner]'s claim based on Storch's testimony. Aside from conducting new research and incorporating the new evidence into the habeas petition, defense counsel explained to the district court that she spent time determining which of the exhibits and "dozens and dozens of pleadings" should be submitted to the state supreme court in support of the petition. The magnitude of the task is apparent in [petitioner]'s petition to the California Supreme Court: the petition spans over 160 pages and cites to the evidentiary hearing record, the reporter's transcript, and exhibits from the evidentiary hearing over 500 times.

   We have carefully considered [petitioner]'s arguments, and we agree with the district court that based on the need to review the voluminous record, to conduct legal research of complex claims, to address the Superior Court's lengthy decision, to incorporate the findings of the two-year evidentiary hearing, and to redraft the original habeas corpus petition, [petitioner]'s delay was reasonable in this case. Furthermore, one justice of the California Supreme Court dissented from the denial of [petitioner]'s petition. For all these reasons, and based on the particular circumstances in this case, we agree with the district court that [petitioner]'s delay in filing his habeas petition with the California Supreme

> Court was reasonable and, therefore, that AEDPA's statute of limitations was tolled during the time between the Superior Court's decision and his second petition to the California Supreme Court. [Petitioner]'s federal habeas petition was therefore timely.

Maxwell, 628 F.3d at 496-497.

**2. Reasons Proffered By Petitioner for Delay**

Petitioner presents several reasons for any delay in filing the habeas corpus petition with the California Supreme Court. Petitioner's counsel, Michael J. Hersek, State Public Defender at the Office of the State Public Defender of California, included an August 5, 2010 declaration dated with the petition alleging that the petition was timely filed and presented without any undue delay. (Pet., Ex. CC, ECF No. 1-7 at 108-10. Furthermore, in response to the motion to dismiss, Petitioner provided a six page declaration from Hersek elaborating on the reasons for the delay. (Opp'n, Ex. 1, ECF No. 25-1.)

Hersek explained that Jay Colangelo, who had been Petitioner's counsel since 1994, died unexpectedly and since Hersek, as Coangelo's supervisor, had some familiarity with the case, he took over the matter. Shortly after taking over the case, on March 13, 2009, the state appellate court issued an order to show cause. On March 23, 2009, Hersek took over for Colangelo. During this time, Hersek reviewed all the pleadings, read the trial record (4,500 pages), and completed his formal briefing on December 18, 2009. (Opp'n, Ex. 1 at 2.) The state appellate court denied the writ on April 8, 2010.

During the interval between habeas petitions, Hersek was responsible for the administration of the two State Public Defender offices, as well as the delivery of defense services in the office's 120 capital cases. Hersek was also worked with the state legislature, governor's office, and state agencies to implement his administrative policies. (Id.) Hersek directly managed and provided the day to day management and supervision of the San Francisco branch office and was also personally responsible for two other death penalty cases. (Id.)

Due to state budget concerns, Hersek devoted a significant portion of his time

addressing how the office would implement the significant budget cuts it was facing, and was forced, like all state employees, to be furloughed three days per month (a 14% work reduction). (Id. at 3.) Specifically with regard to efforts required to prepare the habeas petition for the California Supreme Court, Hersek provided the following explanation:

> First, the size of this case cannot be overstated: Mr. Hernandez's commitment offense involved alleged conspiracy between three co-defendants, each of whom were tried separately, and two of whom received the death penalty. Because Mr. Colangelo's death was unexpected, no provisions had been made for the transition of the case to another attorney. As a result, when Mr. Colangelo died, I had to review the 4,500 page transcript of Mr. Hernandez's trial (as well as the numerous volumes of pleadings filed in the case) in order to file the traverse in the court of appeal. But in order to file Mr. Hernandez's final state petition, I had to additionally review for the first time thousands of pages of documents OSPD had collected during its habeas corpus investigation, including eight boxes of transcripts and pleadings filed in Mr. Hernandez's co-defendants' cases. This was necessary because the issues to be raised in the State Supreme Court revolved around the testimony of an informant who testified to the same matters at Mr. Hernandez's co-defendants' trials.
>
> In addition, drafting Mr. Hernandez's final state petition was particularly time consuming because the court of appeal's denial of relief varied in part from the superior court's prior reasons for doing so (including its facts findings). Along these same lines, it was necessary to conduct a substantial amount of new, additional research, particularly given that the appellate court cited numerous authorities not addressed by the parties.
>
> …
>
> From April 8, 2010, to August 6, 2010, I devoted as much time as humanly possible to the preparation of the Hernandez writ petition I filed with the California Supreme Court on August 6, 2010. I worked as quickly as possible to complete it as soon as possible. Under these very challenging circumstances, the 120 day interval between the state appellate court's denial of the writ petition, and the filing of another writ petition in California Supreme Court, was not an unreasonable amount of time within which to accomplish these tasks.

(Opp'n, Ex. 1 at 3-5.)

**3. Analysis**

a. State Court Decision

"The United States Supreme Court has clarified that when a postconviction [habeas] petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Trigueros v. Adams, 658 F.3d 983, 988-989 (9th Cir. 2011) (citing Pace v.

DiGuglielmo, 544 U.S. 408, 414 (2005). While consideration on the merits is a "factor" the Ninth Circuit considers in determining whether a California habeas petition is timely filed, it is not an "absolute bellwether" of timeliness. See Trigueros, 658 F.3d at 989-90 (9th Cir. 2011); Maxwell v. Roe, 628 F.3d at 496 (citing Chavis, 546 U.S. at 194). Accordingly, the Court "must determine timeliness when there is no clear indication by the state court." Maxwell v. Roe, 628 F.3d at 496 (citing Chavis, 546 U.S. at 198).

Here, the California Supreme Court issued a summary denial without citation to cases indicating that the Petition was untimely. See Walker v. Martin, 131 S.Ct. 1120 (2011) ("California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, i.e., Clark and Robbins.") Such a denial constitutes a decision on the merits and does not preclude an untimeliness finding. Furthermore, the fact that the California Supreme Court requested briefing on the merits of the claim, rather than dismiss the petition as untimely, is a factor in favor of finding the petition timely. The Court shall therefore determine if there was reasonable justification for the delay in filing his habeas petition with the California Supreme Court.

b. Justification for Delay

While less complicated, this case presents similar issues to those presented in Maxwell v. Roe, 628 F.3d 486. Both petitioners were convicted of capital crimes. On appeal, both petitioners raised claims of the presentation of false evidence and failure to disclose material evidence with regard to informant witnesses. See Napue v. Illinois, 360 U.S. 264, 269 (1959), Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidentiary hearings were held in state court in both cases, introducing new evidence that both petitioners incorporated into their state petitions.

Here, Petitioner's counsel presented facially valid justifications for the month or two delay greater than the 30 to 60 days considered presumptively reasonable.[2] The

[2] Petitioner, in his opposition to the motion to dismiss, argues that the California Court of Appeal decision should not be considered final until thirty days after issuance under California Rule of Court, rule 8.387(b)(1), and that the time period to consider for potential delay between the petitions is roughly 90 days rather than 120 days. Petitioner provides no federal support for this proposition, and further, the

(continued…)

case, while not as complex as that presented in Maxwell v. Roe, still presented significant challenges. While the trial transcript was less than five-thousand pages, Hersek asserts that he was required to review significantly more documents, including the records of Petitioner's co-conspirators' trials and post-trial discovery in order to properly prepare the petition filed with the California Supreme Court.

Notably, Respondent does not attempt to differentiate Petitioner's case from Maxwell v. Roe. Despite the fact that recent Ninth Circuit authority clearly states that delays may be reasonable when proper justification is provided, Respondent contends that the Supreme Court has foreclosed such a possibility by the Supreme Court's statement that "California's 'reasonable time standard would not lead to filing delays substantially longer than those with determinate timeliness rules." Chavis, 546 U.S. 189. Specifically, Respondent specifically states, "Rather, unless and until 'California' revisits the matter, the lower federal courts are bound to adhere to the Supreme Court's ruling that California law does *not* allow intervals substantially longer than thirty to sixty days. (Opp'n, ECF No. 26 at 3.) The Court finds Respondent's reasoning incomplete.

The Supreme Court implicitly acknowledged that delays not "substantially longer" may well be reasonable. The Supreme Court has only held that "unexplained and unjustified delays" are not "reasonable." See Chavis, 546 U.S. at 201 ("We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold."). The Supreme Court has clearly left open the possibility that a sufficiently explained and justified delay may be considered reasonable. Accordingly, the issue presented here is if the 30 to 60 additional days longer than that acknowledged as implicitly reasonable are reasonable in

(…continued)
Court finds it unnecessary to resolve such issue to determine whether Petitioner is entitled to interval tolling. Should the Court find that there was good cause for the delay in filing, the additional thirty days in question would not significantly impact the Court's analysis.

light of the justifications provided by Petitioner. See Noble v. Adams, 676 F.3d 1180, 1184 (9th Cir. 2012) ("Thus, [petitioner]'s delay of four and a half months may be within the range of reasonableness if his explanation for the delay is adequate under California law.").

Respondent presents several arguments as to why the explanation provided by Petitioner's counsel was not a sufficient justification to show that the delay was reasonable. First, Respondent notes that Hersek took over Petitioner's case over a year before Petitioner's Court of Appeal decision was denied and "had plenty of time to prepare for the possibility that the order would be adverse." (Opp'n at 6.) Along the same lines, Respondent argues that after Hersek became counsel of record, the California Court of Appeal issued an order to show cause, and that Hersek should have reviewed the relevant record in preparing his response to the order to show cause. (Id.) Respondent asserts that Hersek's failure to review the record during the pendency of the California Court of Appeal petition "is what caused a nearly-four-month delay in re-filing" a "nearly identical" petition in the next higher court. (Id. at 6-7.)

In comparing Petitioner's habeas petitions filed with California Court of Appeal and California Supreme Court, it is apparent that while presenting the same claims, significant substantive additions were made in the Supreme Court petition.[3] (See Reply, Exs. F-G, ECF Nos. 26-2, 26-3.) Both petitions contain two claims: (1) that the prosecution's failure to provide favorable evidence violated Petitioner's constitutional rights, and (2) that the use of false evidence likewise violated his rights. (Id.) Whereas Petitioner's appellate petition was 57 pages long, Petitioner's Supreme Court petition was 98 pages long. (Id.)

The appellate decision includes a factual description of the evidence discovered in the evidentiary hearing held regarding such issues. (See Ex. G at 17-25.) Further, in the discussion of the merits of the claims in the appellate petition, Petitioner includes a

[3] The California Court of Appeal and California Supreme Court petitions shall hereafter be referred to as the "appellate petition" and "Supreme Court petition," respectively.

detailed discussion of the evidence discovered at the evidentiary hearing, including undisclosed probation, jail and other records reflecting the alleged favorable treatment of the key witness which evidence was not provided to Petitioner at trial. (Id. at 37-50.) The Supreme Court petition elaborates upon and provides more factual detail regarding Petitioner's claims. Where the appellate petition describes why the California Superior Court decision denying the writ was incorrect in seven pages, the Supreme Court petition includes twenty-two pages of analysis as to why the Superior Court and Court of Appeal decisions were wrongly decided. (See Ex. F at 51-57, Ex. G at 75-97.)

It is without question that Hersek spent significant time preparing Petitioner's Supreme Court petition. The Court recognizes that the case is complex in nature, and that there are many relevant facts that Petitioner desired to place before the state court to present his claims regarding the prosecution withholding evidence and presenting false evidence at trial. Furthermore, the Court finds unpersuasive Respondent's argument that Petitioner's counsel should have prepared for adverse decision from the Court of Appeal prior to its issuance. As Hersek has explained in his declaration, and would be true of nearly any attorney, the rigors and demands of the legal profession rarely allows for time to work on matters not presently pending and due. While Hersek did not specifically discuss his time commitments prior to the issuance of the denial of the Court of Appeal decision, it defies reason to believe that Hersek did not have more pressing deadlines in other matters that would have taken precedence. Hersek's failure to work on Petitioner's Supreme Court petition prior to the issuance of the denial of the appellate petition shall not be considered as a lack of diligence on behalf of Petitioner.

However, as Respondent contends, Hersek was assigned to the matter for over a year prior to the appellate court decision and should have had a sufficient level of familiarity with the case at the time he drafted the Supreme Court petition. On December 16, 2009, Hersek filed a traverse to Respondent's return to the order to show cause with regard to the appellate petition. (See Pet., Ex. FF.) The traverse and memorandum of points and authorities in support of the traverse was over forty pages long, and

discussed the same issues regarding Brady violations and the presentation of false evidence at issue in Petitioner's Supreme Court petition. (Id.) Accordingly, it is without question that Hersek had previously addressed the relevant issues prior to the filing of the Supreme Court petition.

It appears that Coangelo, until his death, served Petitioner competently as counsel and after an evidentiary hearing in Stanislaus County Superior Court, drafted and filed a lengthy habeas petition incorporating the new evidence discovered through the evidentiary hearing with the California Court of Appeal. Based on the contents of the petition, the Court of Appeal required the state to respond and show cause why the petition should not be granted. (See, Pet., Ex. EE.) Regardless, Petitioner's counsel felt it necessary to elaborate upon the factual assertions and arguments made in the appellate petition in the Supreme Court petition. It is open to debate whether such additional work was necessary or beneficial to Petitioner. The factual contentions and legal arguments were set forth in the appellate decision, and nothing in the denial of the petition indicate that Petitioner failed to set forth sufficient facts; it appears that the California Court of Appeal denied the Petition based on its determination of the facts presented before it. Accordingly, it is unclear whether thirty pages of additional factual contentions and arguments based on the same claims would prove beneficial when presented in Petitioner's Supreme Court petition.

However, it is not the province of this Court to determine whether the strategy of appellate counsel was reasonable. Facially, Petitioner's counsel has provided the Court with legitimate reasons why it took counsel additional time after the denial of the appellate petition to file the Supreme Court petition. It is also without question that counsel spent significant time to prepare the Supreme Court petition, notwithstanding that much of the information and arguments were previously presented in the appellate court petition. Other courts, when presented with similar facts have found that justification for delay, in the form of substantial revisions to a petition, reasonable and entitled to interval tolling. See Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-1159

(C.D. Cal. 2006) ("Here, there was a three month or 96-day interval between the Superior Court's decision and petitioner filing his habeas corpus petition in the California Court of Appeal, and, similarly, a three month or 98-day interval between the California Court of Appeal's decision and petitioner filing his habeas corpus petition in the California Supreme Court. These delays are not unreasonable given the lengthy briefs petitioner filed in the California appellate courts and petitioner's substantial rewriting of his habeas corpus petition following the denial of that petition by the Los Angeles County Superior Court."); see also Stowers v. Evans, 2006 U.S. Dist. LEXIS 13863, 2006 WL 829140 (E.D.Cal. 2006) (87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008) (69-day delay reasonable because petitioner amended petition before filing in Court of Appeal); Tidwell v. Knipp, 2013 U.S. Dist. LEXIS 56555, 11-12 (E.D. Cal. Apr. 17, 2013) (Magistrate Judge Delaney revised findings and recommendation to find a 77-day delay reasonable because the petition was "not identical to the previously-filed petition. It is longer, addresses the superior court's decision, and includes additional record and legal cites.").

Hersek, as the appointed state public defender since 2004, is well versed in California criminal appeal practice. There is no evidence that during Hersek's representation of Petitioner that Hersek deviated from his duty to zealously advocate in Petitioner's favor and attempt to present Petitioner's claims in the best light possible to the state courts. Acting under the premise that California does not have strict time requirements with regard to habeas petitions, Hersek took additional time to prepare the Supreme Court petition, and included in the petition a description how there was not substantial delay in filing the petition. Based on the justifications provided by counsel, the significant revisions made to the petition, and the fact the petition was filed within a relatively short period of time, no more than sixty days after the objectively reasonable period of time to file the petition, the Court finds that Petitioner filed his Supreme Court petition within a reasonable period of time and is entitled to tolling for the period between

petitions. See Pace v. DiGuglielmo, 544 U.S. 408; Chavis, 546 U.S. 189.

The reasonable time standard for filing habeas corpus petitions in California is amorphous. Without more guidance from the California courts it is reasonable to conclude that the 120 day period, along with the explanations form counsel for any delay, was reasonable. See Carey, 536 U.S. at 223 (The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application (i.e., a filing in a higher court) comes too late.").

Petitioner is therefore entitled to tolling during the pendency of his state habeas petitions. Accordingly, the statute of limitations began to run on November 27, 2007, the date Petitioner's direct appeals were considered final. As Petitioner had a habeas petition currently pending at that time, he is entitled to tolling until the denial of his California Supreme Court petition on October 12, 2011. As 364 days of the limitations period expired prior to the filing of the instant petition on October 10, 2012, the petition was timely filed within the one year limitations period. It is recommended that Respondent's motion to dismiss based on AEDPA's one year statute of limitation be denied.

## III. CONCLUSION AND RECOMMENDATION

Therefore it is RECOMMENDED that the motion to dismiss this action as time-barred be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 15, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE