UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CIANEZ HERNANDEZ,<br><br>    Petitioner,<br><br>  v.<br><br>GREG LEWIS,<br><br>    Respondent. | No. 1:12-cv-01661-DAD-MJS<br><br>ORDER REFERRING BACK TO THE ASSIGNED MAGISTRATE JUDGE FOR AMENDED FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 72) |

This habeas corpus action was filed on October 10, 2012 pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed an answer on January 27, 2014, and petitioner filed a traverse on June 27, 2014. (Doc. Nos. 58, 67.) The action was referred to a United State Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 7, 2016, the assigned magistrate judge issued findings and recommendations recommending that the petition for a writ of habeas corpus be granted, petitioner's conviction be vacated, and petitioner be released unless the state of California gives notice within ninety (90) days of its intention to retry the petitioner. (Doc. No. 72 at 74–75.) The findings and recommendations were served on both parties with notice that any objections thereto must be filed within thirty days. Petitioner filed a response on January 4, 2017, suggesting that minor typographical errors in the findings and recommendations be corrected. (Doc. No. 73.) Respondent filed no objections to the findings and recommendations and the time in which to do so has now passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the findings and recommendations and petitioner's response, the undersigned concludes the matter should be referred back to the assigned magistrate judge for amended findings and recommendations clarifying the applicable standard of review.

The pending findings and recommendations conclude that the state court applied an incorrect legal standard with respect to prejudice in considering petitioner's claims based on the decision in *Napue v. Illinois*, 360 U.S. 264 (1959) and its progeny, erroneously equating it with the legal standard for prejudice applicable under *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. No. 72 at 46–51.) The magistrate judge noted that, because the legal standard applied by the state court in analyzing petitioner's *Napue* claim was contrary to clearly established federal law, that claim must be resolved on federal habeas "without the deference AEDPA otherwise requires." (Doc. No. 72 at 51) (quoting *Crittenden v. Ayers*, 624 F.3d 943, 954 (9th Cir. 2010)). The magistrate judge thereafter reviewed all aspects of petitioner's *Napue* claim *de novo*, including determining as a factual matter that the prosecution presented false testimony from witnesses Anthony Ybarra and Alan Fontes at petitioner's trial in the following three areas: (1) the extent of Ybarra's work as an informant (Doc. No. 72 at 53 – "It is without question that the prosecution presented false testimony, or failed to correct false testimony, from Ybarra regarding his informant activities."); (2) the payment of money to Ybarra by Fontes beyond that disclosed at petitioner's trial (*id.* at 54–58); and (3) whether Ybarra actually served an eight month jail sentence of which there was no record (*id.* at 58–62).[1]

---

[1] It is somewhat unclear from the findings and recommendations whether the magistrate judge actually determined this latter area of trial testimony to be false. (*See* Doc. No. 72 at 61) ("There is no definitive evidence as to whether Ybarra served all or even a good portion of his theft conviction sentence. . . . However, as noted, the evidence before us, or perhaps the lack of any corroborating evidence when same should exist, creates genuine doubt as to the truth of such claims."). The magistrate judge, however, did discuss evidence related to Ybarra's purported jail sentence in analyzing prejudice under *Napue*, suggesting the magistrate judge's estimation of the veracity of this testimony contributed to the conclusion that petitioner's conviction must be vacated. (*See id.* at 70–73) (ultimately concluding that "there is very real doubt as to whether Ybarra served his sentence"). Since this matter will be referred for further consideration, this issue can be clarified in the amended findings and recommendations as well.

The last reasoned decision of a state court to reach these issues appears to have come to a contrary factual determination on two of these three areas of trial testimony. Specifically, the California Court of Appeals determined that Ybarra did not testify falsely about the extent of his history as an informant. *See In re Hernandez*, No. F055656, 2010 WL 1390847, at *15 (Cal. Ct. App. Apr. 8, 2010) ("Petitioner characterizes this as testimony from Ybarra denying any other informant activity. We do not read the testimony as such and do not find that Ybarra gave false testimony."). Additionally, the state appellate court concluded that Ybarra had, in fact, served the eight month jail sentence at issue. *Id.* at *14 (concluding that it agreed with trial court determination that Ybarra had served his sentence). The state appellate court appears not to have made a factual determination on the issue of whether Fontes had paid Ybarra money other than that which was disclosed at petitioner's trial. *Id.* ("[E]ven if the testimony of Ybarra and Fontes is characterized as false and the documents showing the payments were suppressed by the prosecution, petitioner has not shown that this evidence had any significant effect on the outcome.").

The pending findings and recommendations cites several cases for the proposition that a constitutional claim must be reviewed *de novo* once it is found that the incorrect legal standard was applied by the state courts. *See Dow v. Virga*, 729 F.3d 1041, 1049 (9th Cir. 2013) ("[W]e apply *de novo* review to Dow's federal constitutional claim."); *Crittenden*, 624 F.3d at 954 (concluding that, in the face of state court error, the court "must resolve the claim without the deference AEDPA otherwise requires") (internal quotations omitted); *Caliendo v. Warden*, 365 F.3d 691, 698 (9th Cir. 2004) (concluding the federal courts "need not—indeed, should not—give deference" to state court decisions based on a misapprehension of the appropriate legal standard) (quoting *Wade v. Terhune*, 202 F.3d 1190 (9th Cir. 2000)); *see also Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008). However, in each of these cases, the Ninth Circuit was addressing either the lack of deference owed to a state court's incorrect legal decision, *Dow*, 729 F.3d at 1049–51 (materiality standard for false testimony under *Napue*), *Crittenden*, 624 F.3d at 954–59 (erroneous standard applied under burden-shifting *Batson* test), or to a state court's decision on a mixed question of law and fact, *Caliendo*, 365 F.3d at 698–99 (whether prejudice existed under

3

*Mattox v. United States*, 146 U.S. 140 (1892) due to prosecution witness's conversation with jurors). These cases do not address, however, whether the same sort of *de novo* review pertains to purely factual determinations—such as whether a witness testified falsely at trial—in a case where the federal habeas court determines the incorrect legal standard was applied by the state court.

There are two provisions within the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") that discuss deference owed by federal courts to state court factual findings. First, a federal court may not grant relief on any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was either contrary to clearly established federal law, or was an unreasonable determination of the facts in light of the evidence presented there. *See* 28 U.S.C. § 2254(d). Second, in any federal proceeding under § 2254, "a determination of a factual issue made by a State court shall be presumed to be correct," though this presumption may be overcome by a showing of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). The Supreme Court has not delineated the exact relationship between these two sections. *See Rice v. Collins*, 546 U.S. 333, 338–39 (2006) (declining to address the relationship between the two). The Ninth Circuit has suggested § 2254(d)(2) applies to "intrinsic" challenges to a state court determination—i.e., those that consider only the record before the state court—while § 2254(e)(1) pertains to "extrinsic" challenges, or those that include information not considered by the state court. *See Taylor v. Maddox*, 366 F.3d 992, 999–1000 (9th Cir. 2004). In *Taylor*, the Ninth Circuit suggested that an "intrinsic" challenge—one to which § 2254(e)(1) does not apply—might exist where "the state court's legal error infects the fact-finding process" such that it would be inappropriate to afford the factual determination any deference. *Id.* at 1001. Subsequently, the Ninth Circuit has noted the limitations of the intrinsic/extrinsic approach to the two statutory provisions in light of the decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). *See Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014). Moreover, the Ninth Circuit observed in *Murray* that numerous decisions following *Pinholster* had reflected the confusion as to whether § 2254(d)(2), § 2254(e)(1), or both apply to federal review of state court factual findings. *Id.* at 1000–01 (collecting cases). Ultimately, the Ninth

Circuit concluded "any tension between *Taylor* and our cases or between *Taylor* and limited statements by the Supreme Court will have to be resolved by our court *en banc*, or by the Supreme Court," *id.* at 1001, suggesting the law may well remain unsettled here. Even more recently, the Ninth Circuit has suggested that after the strictures of § 2254(d) are satisfied, § 2254(e)(1) requires the federal habeas court to determine whether any state court factual findings are incorrect to a clear and convincing degree, similar to the approach used prior to the AEDPA. *Crittenden v. Chappell*, 804 F.3d 998, 1011 (9th Cir. 2015). Specifically, the court observed in *Crittenden;*

> Here, *Crittenden I* held the California Supreme Court's decision was contrary to clearly established law under § 2254(d)(1) because it applied an improper legal standard at *Batson* step one. Having made that determination, *Crittenden I* properly turned to the merits of Crittenden's *Batson* claim, while affording a presumption of correctness to the state trial court's factual findings under § 2254(e).

*Id.*; *see also Frantz*, 533 F.3d at 736 (indicating that, once § 2254(d) is satisfied, federal courts proceed "as was done before AEDPA's addition of § 2254(d) in 1996").[2]

The findings and recommendations now pending before the undersigned do not specifically address whether the magistrate judge found that: the state court factual findings are unreasonable in the light of the evidence; those factual findings have been overcome by a clear and convincing showing to the contrary; or whether in this case no deference is owed to the factual findings at all. The undersigned expresses no opinion in this order as to what standard— § 2254(d)(2), § 2254(e)(1), a pre-AEDPA standard, or none of the above—applies in this case to

---

[2] Prior to the AEDPA, 28 U.S.C. § 2254(d) required that "state-court determination of 'a factual issue' 'shall be presumed to be correct' absent one of the [eight] enumerated exceptions." *Thompson v. Keohane*, 516 U.S. 99, 107-08 (1995) (quoting § 2254(d)); *Sivak v. Hardison*, 658 F.3d 898, 905-06 (9th Cir. 2011); *Summerlin v. Schriro*, 427 F.3d 623, 628-29 (9th Cir. 2005). In applying that standard, courts were required to determine whether the relevant issue was one of fact, law, or a mixed question of law and fact. *See Williams v. Taylor*, 529 U.S. 352, 385 (2000) (discussing issues raised by "our pre-AEDPA efforts to distinguish questions of fact, questions of law, and 'mixed questions,' and to create an appropriate standard of habeas review for each"). While some measure of deference applied to factual determinations, none was owed to questions of law or mixed questions of law and fact. *Pensinger v. Chappell*, 787 F.3d 1014, 1023 (9th Cir. 2015) ("Under the pre-AEDPA standards of review, we review *de novo* questions of law and mixed questions of law and fact.").

5

the state court's findings with respect to the trial testimony of Ybarra and Fontes identified above and in the findings and recommendations. Rather, the undersigned believes it to be appropriate for the magistrate judge to conduct this analysis in the first instance.

Accordingly, this matter is referred back to the assigned magistrate judge for further consideration of the deference due in this case, if any, to the state court's factual findings and for the issuance of amended findings and recommendations addressing and clarifying this issue.[3]

For the reasons set forth above:

1. The undersigned declines to adopt the findings and recommendations issued December 7, 2016 (Doc. No. 72) at this time; and

2. The matter is referred back to the assigned magistrate judge for the filing of amended findings and recommendations addressing the standard of review and application of deference, if any, to the factual findings made by the state court as well as the impact, if any, on the analysis of prejudice under *Napue*. The magistrate judge may also address any additional issues deemed appropriate for clarification. The magistrate judge may also direct further briefing and proceedings if appropriate, in accordance with the authority delegated by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[4]

IT IS SO ORDERED.

Dated: **July 11, 2017**

_____
UNITED STATES DISTRICT JUDGE

---

[3] Of course, one of the areas in which the magistrate judge concluded the prosecution knowingly presented false testimony at petitioner's trial was not the subject of a factual determination by the state appellate court. This would, presumably, indicate that no deference is owed in that area. However, since prejudice under *Napue* was considered cumulatively in the findings and recommendations, it would be premature for the undersigned to express any opinion as to whether that single area of false trial testimony would be found sufficiently prejudicial to warrant the granting of federal habeas relief.

[4] Any suggested corrections of minor typographical errors proposed by petitioner in his response to the findings and recommendations (Doc. No. 72) may be incorporated into the amended findings and recommendations.

6